UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PLUMBERS & PIPEFITTERS, LOCAL UNION #51; KENNETH AURECCHIA, et al., TRUSTEES | : | |
| Plaintiffs | : | CA 08 264 ML |
| v. | : | CA No. |
| THOMSON MECHANICAL CONTRACTORS, INC. and Cheryl Trottier, individually | : | |
| Defendants | : | |

# COMPLAINT

## PARTIES

1. Plaintiff, Plumbers & Pipefitters, Local Union #51 ("Local 51") is the exclusive bargaining representative for certain employees of Defendants, and as such, is a labor organization representing employees in an industry affecting commerce as defined in Sections 501(1), (3), & 2(5) of the *Labor Management Relations Act of 1947* ("LMRA") (29 U.S.C.S. §§142(1), (3) & 152(5)) and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185). Local 51 administers the *Local 51 Dues Fund*, the *Local 51 COPE/P.A.C. Fund*, the *Labor Management Cooperative Trust Fund*, the *Industry Improvement Fund*, the *Local 51 Scholarship Fund*, and the *Local 51 Organizing Fund* (the "Local 51 Funds"), and brings this action in its capacity as administrator of the Local 51 Funds on behalf of said Local 51 Funds. Local 51 maintains its principal offices at 11 Hemingway Drive, in the City of East Providence, State of Rhode Island.

2. Plaintiffs Kenneth Aurecchia, et al., Trustees ("Trustees"), are the trustees of the *Local 51 Health and Welfare Trust Fund*, the *Local 51 Pension Trust Fund*, the *Local 51 Annuity Trust Fund*, and the *Local 51 Joint Apprentice Training Trust Fund* (the "Local 51 Benefit Trust Funds"), each of which Trust Funds is governed by the provisions of the *Employee Retirement Income Security Act of 1974(29*

*U.S.C.S. §1001 et seq.)* ("ERISA") and other applicable federal laws. The Trustees bring this action in their capacities as trustees on behalf of the Local 51 Benefit Trust Funds.

3. Based upon information and belief, Defendant, Thomson Mechanical Contractors, Inc. ("Thomson Mechanical") is/was a corporation organized under the laws of the State of Rhode Island with its principal place of business located at 103 Webster Street, in the City of Pawtucket, Rhode Island. At all times herein relevant, Defendant Thomson Mechanical was a party to a Collective Bargaining Agreement with Local 51 obligating the corporation to make contributions on behalf of its union employees to the Local 51 Funds and the Local 51 Benefit Trust Funds, and thus Thomson Mechanical was and is an employer in an industry affecting commerce, as defined in Sections 501(1), (3), & 2(2) of the LMRA (29 U.S.C.S. §142 (1), (3) & 152 (2)), and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185).

4. The Rhode Island Secretary of State revoked the corporate charter of Defendant Thomson Mechanical on November 10, 1998 but held itself out as a corporate entity and continued to make commitments and contracts with Plaintiffs through May, 2008.

5. Defendant Cheryl Trottier ("Trottier"), upon information and belief, is a resident of East Providence, Rhode Island and the President, sole shareholder and successor in interest to the assets and liabilities of Defendant Thomson Mechanical. Trottier is sued in her capacity as an officer and is also sued personally.

**JURISDICTION**

6. This action arises under, and jurisdiction is conferred upon this Court, by virtue of Section 502 of ERISA (29 U.S.C.S. §1132) and Section 301 of the LMRA (29 U.S.C.S. §185).

**COUNT I**
**Breach of Duty Under the Collective Bargaining Agreement and Section 515 of ERISA (29 U.S.C.S. §1145)**

7. Plaintiffs incorporate paragraphs 1 through 6 as though fully set forth herein.

8. At all times relevant hereto, Local 51 and Defendants have been parties to and operated under a Collective Bargaining Agreement whereby Local 51 acts as the bargaining agent for Defendants' employees who are members of Local 51, and whereby Defendants were obligated to make contributions on behalf of such employees to the Local 51 Funds and the Local 51 Benefit Trust Funds.

9. Some or all of the Local 51 Funds and the Local 51 Benefit Trust Funds were established pursuant to and are employee benefit funds administered in accordance with Section 302 of the LMRA (29 U.S.C.S. §186) and Section 402 of ERISA (29 U.S.C.S. §1102).

10. The Defendants have become severely delinquent in various amounts owed to the Local 51 Funds and the Local 51 Benefit Trust Funds under the Collective Bargaining Agreement. The following is a summary of the *principal* amounts only, *excluding interest*, of said delinquent contributions:

| | | |
|---|---|---|
| • approximately … | **$62,329.80** | **to the H&W Fund;** |
| • approximately … | **$46,276.40** | **to the Pension Fund;** |
| • approximately … | **$18,267.00** | **to the Annuity Fund;** |
| • approximately … | **$ 4,758.00** | **to the JATC Fund;** |
| • approximately … | **$ 2,702.00** | **to the Local 51 Dues Fund;** |
| • approximately … | **$ 1,348.10** | **to the Local 51 Organizing Fund;** |
| • approximately … | **$ 5,175.83** | **to the Local 51 COPE/P.A.C. Fund;** |
| • approximately … | **$ 1,268.80** | **to the Labor Management Cooperative Fund;** |
| • approximately … | **$ 2,537.60** | **to the Industry Improvement Fund; and** |
| • approximately … | **$ 1,506.70** | **to the Local 51 Scholarship Fund Fund.** |
| **• Total principal amount due…** | | **approximately $146,170.23** |

11. Pursuant to the Collective Bargaining Agreement and the Plaintiff Trustees' *Collection Policy*, Defendants are also obligated to pay to the Local 51 Funds and the Local 51 Benefit Trust Funds interest accrued on the above-stated delinquent contribution amounts, as well as applicable collection and litigation costs and expenses.

12. Thus, the Defendants, jointly and severally, have breached their duties under the Collective Bargaining Agreement and under Section 515 of ERISA (29 U.S.C.S. §1145) by failing to

make obligatory employee contributions to the Local 51 Funds and the Local 51 Benefit Trust Funds, and thereby owe the above-stated amounts plus accrued interest and applicable collection and litigation costs and expenses.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $146,170.23, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**COUNT II**
**Breach of Fiduciary Duty Under Section 409 of ERISA**
**(29 U.S.C.S. §1109)**

13. Plaintiffs incorporate paragraphs 1 through 12 as if fully set forth herein.

14. The Defendants, jointly and severally, have breached their fiduciary duties under Section 409 of ERISA (29 U.S.C.S. §1109) by failing to make contributions to the Local 51 Funds and the Local 51 Benefit Trust Funds as required by the Collective Bargaining Agreement.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $146,170.23, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**COUNT III**
**The Defendant Cheryl Trottier is the Alter Ego of Defendant Thomson Mechanical**

15. Plaintiffs incorporate paragraphs 1 through 14 as if fully set forth herein.

16. Defendant Trottier, as an officer, director and/or shareholder of Defendant Thompson Mechanical is its "controlling corporate official". Furthermore, Defendant Trottier is the corporation's alter ego for the purpose of the Collective Bargaining Agreement because, among other things, Trottier has the requisite control over the day-to-day actions of the corporation, can make decisions regarding payment of liabilities, and continued to operate the corporation despite revocation of its charter and the onset of financial adversity leading to its failure to make the employee contributions to the Local 51 Funds and the Local 51 Benefit Trust Funds.

17. The corporate veil of Defendant Thomson Mechanical is a sham because Defendant Trottier has not complied with the requisite corporate formalities, including, without limitation, by failing to (i) maintain in good standing its corporate status, (ii) adequately capitalize the corporation, (iii) maintain corporate records, (iv) pay dividends and (v) maintain insolvency.

18. Defendant Trottier for at least the past last 10 years did not have and does not have now, any genuine or separate existence from Defendant Thomson Mechanical. The corporation is merely a facade for the actions of Defendant Trottier. The interests of justice compel that the corporate veil be pierced.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $146,170.23, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

## COUNT IV
**Defendant Trottier qualifies as an "Employer" Within the Meaning of ERISA**

19. Plaintiffs incorporate paragraphs 1 through 18 as if fully set forth herein.

20. Defendant Trottier acted and continues to act as an "employer obligated to make contributions" within the meaning of ERISA (29 U.S.C.S. §§515 and 1002(5)). As such, she is jointly and severally liable for any and all obligations of the Defendant Thomson Mechanical under the Collective Bargaining Agreement.

21. As evidence of her status as an "employer obligated to make contributions" within the meaning of ERISA (29 U.S.C.S. §§515 and 1002(5)), Plaintiffs allege Defendant Trottier continued to enter contracts with Plaintiffs notwithstanding the revocation of its corporate charter.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $146,170.23, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

## COUNT V
**Breach of the Duty of Good Faith Under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158 (a)(5))**

22. Plaintiffs incorporate paragraphs 1 through 21 as if fully set forth herein.

23. Local 51 has requested information from each of the Defendants concerning their employees, which information is necessary to properly and effectively represent its bargaining unit members.

24. Defendants have failed to adequately respond to said request for information. Such failure violates Defendants' duty to act in good faith under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158(a)(5)).

25. Defendants' failure to tender timely remittance reports and contributions to the Local 51 Funds and the Local 51 Benefit Trust Funds as required by the Collective Bargaining Agreement also violates Defendants' duty to act in good faith under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158(a)(5)).

**WHEREFORE**, Plaintiffs request that the Court award:

(1) The sum of $146,170.23, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Collection Policy*.

(2) Any such other relief that the Court deems just and proper.

**Dated: July 11, 2008**

Plaintiffs,
By Their Attorneys,

Jeffrey M. Gibson (#3046)
RODIO & URSILLO, LTD.
86 Weybosset Street
Providence, RI 02903
(401) 331-6400