**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PLUMBERS & PIPEFITTERS, LOCAL UNION #51; KENNETH AURECCHIA, et al., TRUSTEES<br><br>Plaintiffs<br><br>v.<br><br>THOMSON MECHANICAL CONTRACTORS, INC. and Cheryl Trottier, individually<br><br>Defendants | : | CA No. 08-264 ML |

Plaintiffs' Rule 16 Conference Statement

Summary of Plaintiffs' Claims

Count 1. Breach of Duty.

Plaintiffs claim that the Defendants, and each of them, breached their duty to contribute monies to the various employee benefit funds as required under the collective bargaining agreement and Section 515 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1145) (hereinafter "ERISA").

In order to prove its claim, Plaintiffs must prove the one or both of the Defendants (i) were party to the collective bargaining agreement; (ii) employed members of the collective bargaining unit; and (iii) failed to make the contributions for the hours worked by those employees.

Count 2. Breach of Fiduciary Duty.

In addition to their duty under Section 515, Plaintiffs claim the Defendants owed a duty to the Plaintiffs under Section 409 of ERISA (29 U.S.C. §1109) which was breached by their failure to make contributions to the employee benefit funds maintained by the Plaintiffs.

In order to prove its claim, Plaintiffs will be required to show one or both of the Defendants (i) were a fiduciary for the plan; and (ii) their failure to make contributions was a breach of their obligations as a fiduciary.

Count 3. Alter Ego

Plaintiffs claim that Defendant Cheryl Trottier is the alter ego of the corporation and therefore the Court should pierce the corporate veil and hold her personally liable for the obligations of the corporate defendant. In order to prove its claims, Plaintiffs must show that Thomson Mechanical Contractors, Inc. was merely a sham for Cheryl Trottier and there was no real separateness to the corporate entity.

Count 4. "Employer" Theory

Plaintiffs make a claim alleging that Defendant Cheryl Trottier qualifies as an "employer obligated to make contributions" within the meaning of the ERISA statutory language (29 U.S.C. §§515 & 1002(5)) and therefore, is individually liable for obligations under collective bargaining agreement. In order to prove its claim, Plaintiffs must show the individual defendant falls within the definition of "employer" as stated in said statute.

Count 5. Breach of Duty of Good Faith.

Plaintiffs claim the Defendants each failed to bargain in good faith which is an unfair labor practice under Section 8(a)(5) of the Labor Management Relations Act (29 U.S.C. §158(a)(5)). Plaintiffs claim the Defendants did not provide information when requested including information regarding the number of hours worked by union employees. See, e.g. Detroit Edison Co. v. NLRB, 440 U.S. 301 (1979) and NLRB v. Acme Industrial Co., 385 U.S. 432 (1967).

Dated: September 16, 2008

Plaintiffs,
By Their Attorneys,
___*/s/ Jeffrey M. Gibson*____
Jeffrey M. Gibson (#3046)
RODIO & URSILLO, LTD.
86 Weybosset Street
Providence, RI 02903
(401) 331-6400

CERTIFICATION

The undersigned hereby certifies that a true and correct copy of the foregoing Rule 16 Conference Statement was forwarded by e-mail and first class mail, postage pre-paid to Jack D. Pitts, Esq., PITTS & BURNS, 635 Killingly Street, Johnston, RI 02919, ***jdpjib@cox.net*** on this ____ day of September, 2008.

_______*/s/ Jeffrey M. Gibson*____