**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PLUMBERS & PIPEFITTERS, LOCAL UNION #51; et al** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | **C.A. NO.: 08-264 ML** |
| | : | |
| **THOMSON MECHANICAL CONTRACTORS, INC., et al** | : | |
| **Defendant** | : | |

**Defendant's Rule 16 Conference Statement**

**Summary of Defendants' Defenses**

**NOW** comes the Defendant, **THOMPSON MECHANICAL CONTRACTORS, INC.,** in the above-entitled matter, before this Honorable Court, and makes the following summations:

**COUNT I**

The Defendants assert that the Plaintiffs cannot demonstrate to a reasonable degree that Cheryl Trottier had any involvement in the issues before this Court that will impute any individual liability. The Defendant, Thompson Mechanical Contractors, Inc., maintains that it did not breach any duty to the Plaintiffs. Specifically, the Defendant corporation acted with the authorization and knowledge of the Plaintiffs who knew that the Defendant could not pay certain employee benefits because it was not being paid on various projects.

The Defendant contends that a reformation of the collective bargaining agreement was effectively consummated . Therefore, the Defendant does not believe that the Plaintiffs can meet their evidentiary burden.

It is the Defendant's intention, if this matter cannot be resolved quickly, to third party in those entities that breached their contracts causing the defendant to be cash poor.

**COUNT II**

The Defendants assert that the Plaintiffs cannot demonstrate to a reasonable degree that Cheryl Trottier had any involvement in the issues before this Court that will impute any individual liability. The Defendant, Thompson Mechanical Contractors, Inc., maintains that it did not breach any fiduciary duty to the Plaintiffs. Specifically, the Defendant corporation acted with the authorization and knowledge of the Plaintiffs who knew that the Defendant could not pay certain employee benefits because it was not being paid on various projects.

The Defendant contends that a reformation of the collective bargaining agreement was effectively consummated . Therefore, the Defendant does not believe that the Plaintiffs can meet their evidentiary burden.

It is the Defendant's intention, if this matter cannot be resolved quickly, to third party in those entities that breached their contracts causing the defendant to be cash poor.

**COUNT III**

The Defendants assert that the Plaintiffs cannot demonstrate to a reasonable degree that Cheryl Trottier had any involvement in the issues before this Court that will impute any individual liability. The Defendant, Thompson Mechanical Contractors, Inc., will demonstrate that Cheryl Trottier only performed clerical duties for the Defendant corporation. Moreover, the Defendant will demonstrate that at all times prior to its corporate charter being revoked, that it diligently maintained itself as a corporation.

**COUNT IV**

The Defendants assert that the Plaintiffs cannot demonstrate to a reasonable degree that Cheryl Trottier qualifies as an "employer" within the meaning of 29 USC Sections 515 and 1002 (5).

The Defendant, Thompson Mechanical Contractors, Inc., maintains that it continued to hold itself out as a Corporation with no malicious or deceitful intent.

**COUNT V**

The Defendants assert that the Plaintiffs cannot demonstrate to a reasonable degree that it ever acted in bad faith. Moreover, that all of its alleged misconduct with the authorization and knowledge of the Plaintiffs.

**Thompson Mechanical Contractors, Inc.,**
By its attorney,

/s/ Jack D. Pitts
________________________________

Jack D. Pitts, Esq., #3397
PITTS & BURNS
635 Killingly St.
Johnston, RI 02903
(401) 453-2800

**CERTIFICATION**

A true and accurate copy of the within Rule 16 Conference Statement was E-mailed, to Jeffrey M. Gibson, Esq., Rodio & Ursillo, Ltd, 86 Weybosset Street, 4th floor, Providence, RI 02903, on the 16th day of September, 2008.

/s/ Jack D. Pitts
________________________________